IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-30111-WDS |
| LESLIE ANDERSON, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

The defendant has indicated to the Court that he intends to cross-examine the government's witness, Stephen Simpson, on his prior offenses, all of which were acquired in Canada. Those convictions have been pardoned by the Canadian National Parole Board. The government has objected to the admission of this testimony, which the Court construes as a motion in limine.

Federal Rule of Evidence 609 provides that evidence that a witness has been convicted of a crime "shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." There is, however, a restriction in 609(c) which provides that:

> Evidence of a conviction is not admissible under this rule if (1) the conviction has been subject to a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime that was punishable by death or imprisonment in excess of one year.

Fed. R. Evid. 609(c).

In this case, the witness, Stephen Simpson, received a pardon from the Canadian National Parole Board on November 11, 2004. The Court has reviewed the pardon documents, which provide that Simpson's:

> conviction(s) should no longer reflect adversely on his character, and . . . the judicial record of conviction to be kept separate and apart from other criminal records and removes any disqualification to which Stephen Simpson is, by reason of the conviction, subject by virtue of any Act of Parliament of a

regulation made thereunder.

The pardon lists 5 convictions, including possession of weapons & carrying a concealed weapon (1980); conspiracy to commit robbery and possession of a weapon (1994); and, conspiracy to import restricted weapon (1997). The defendant asserts that Simpson's conviction are relevant to his credibility as a witness, and the fact of the pardon goes to show that he has received benefits from Canadian law enforcement.

This Canadian pardon document appears to act as an administrative pardon, under the Canadian Records Act, rather than a "free pardon." *See,eg. R. v. Gyles,* [2003] CarswellOnt 6610 (Ont. Sup. Ct. 2003). This Court must, and will, give credit to the laws and rulings of another sovereign jurisdiction, like Canada, but must then apply the applicable Federal Rules of Evidence to determine whether that evidence is admissible in this criminal matter. Even though under Canadian law there may be a distinction between free pardons and administrative pardons, for purposes of cross examination and impeachment in this case, the Court **FINDS** that Federal procedural rules, including the Federal Rules of Evidence, will govern the admissibility of evidence in this proceeding.

Therefore, the Court **FINDS** that the defendant may not, under the provisions of Rule 609(c), introduce evidence of the prior convictions of the witness, Stephen Simpson, nor use them to impeach the credibility of that witness because those convictions have been removed from his criminal record and he no longer has, under Canadian law, any disability therefrom. Under the plain language of Rule 609(c) the Canadian pardon would fall within the "pardon . . . or other equivalent procedure based on a finding of the rehabilitation of the person convicted" language of that rule. The government's motion in limine is therefore **GRANTED** and the defendant will not be permitted to introduce evidence or cross-examine the witness, Stephen Simpson on his prior Canadian convictions which were the subject of the pardon.

**IT IS SO ORDERED.**

**DATED:** March 18, 2008.

                                    **s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**